UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VITO A. NUZZOLILO,

                    Petitioner,

          -against-

OTISVILLE FCI, THE FEDERAL BUREAU
OF PRISONS, USA,

                    Respondent.

26-CV-0456 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is serving a federal criminal sentence at FCI Otisville and is proceeding *pro se*, commenced this proceeding in the District of Massachusetts on January 8, 2026, by filing a document that he styles as an "Emergency Motion for Temporary Restraining Order and Immediate Medical Care or Compassionate Release to Monitoring." *See Nuzzolilo v. Otisville FCI*, No. 26-CV-40004 (MRG) (D. Mass. Jan. 8, 2026) (ECF No. 1). In the motion, Petitioner seeks "immediate medical care or release . . . to GPS monitoring in anticipation of his February 19, 2026 release date." (*Id*. at 1.) The docket for the District of Massachusetts proceeding reflects that Petitioner neither paid any filing fees nor submitted an application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. By order dated January 9, 2026, the District of Massachusetts characterized this action, in part, as a petition for *habeas corpus* and transferred the action to the Southern District of New York. *See id*. (ECF No. 4.)

In his pleading, Petitioner seeks a temporary restraining order directing the Bureau of Prisons to provide him with immediate dental care or release him to GPS monitoring so that he can obtain dental care in the community. As suggested by the District of Massachusetts, the proper mechanism for Petitioner to challenge the execution of his sentence is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Under Section 2241, a petitioner may file a *habeas*

*corpus* petition seeking "injunctive relief from federally imposed conditions of confinement," including claims concerning allegedly unlawful medical care. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *see Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) ("A challenge to the execution of a sentence . . . is properly filed pursuant to Section 2241."); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (A Section 2241 petition "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."); *McClellon v. Rickard*, No. 24-CV-10053 (VSB) (BCM), 2025 WL 3286917, at *10 (S.D.N.Y. June 24, 2025) (recognizing that a federal prisoner's claims of "inadequate medical care at FCI Otisville" are cognizable under Section 2241).

"It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." *Chambers*, 106 F.3d at 475. District courts, however, may not convert post-conviction submissions, putatively brought under some other provision, as requesting *habeas corpus* relief under Section 2241 without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the submission. *See Simon v. United States*, 359 F.3d 139, 143-44 (2d Cir. 2004).

Petitioner's pleading, although labeled as an "Emergency Motion for Temporary Restraining Order and Immediate Medical Care or Compassionate Release to Monitoring," challenges the execution of his federal sentence. The Court therefore construes Petitioner's submission as a request for *habeas corpus* relief under Section 2241. If Petitioner does not wish to have this action characterized by this Court as including a request for Section 2241 relief, he must submit a request to have his Section 2241 claim withdrawn, in writing, to this Court's Pro

2

Se Intake Unit within 30 days of the date of this order. If Petitioner does not inform the Court of his intent within 30 days, the Court will construe the pleading as a request for Section 2241 relief and proceed accordingly.

Additionally, to proceed with a petition for a writ of *habeas corpus* in this court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed IFP, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Petitioner submitted the petition without the filing fee or an IFP application. If Petitioner intends to proceed with his claims under Section 2241, he must either pay the $5.00 filing fee or complete and submit the attached IFP application within 30 days of the date of this order. If Petitioner submits the IFP application, it should be labeled with docket number 26-CV-0456 (LTS). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No answer shall be required at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

## CONCLUSION

The Court construes the "Emergency Motion for Temporary Restraining Order and Immediate Medical Care or Compassionate Release to Monitoring" in this action as a request for *habeas corpus* relief under 28 U.S.C. § 2241. If Petitioner does not want to pursue relief under Section 2241, he must notify the Court in writing within 30 days of the date of this order that he wishes to withdraw his request for Section 2241 relief. If Petitioner does not inform the Court of his intent within 30 days, the Court will construe the complaint as including a request for Section 2241 relief and proceed accordingly. No answer is due at this time.

If Petitioner intends for this action to proceed under Section 2241, within 30 days of this order, he must also either pay the $5.00 in filing fees or file an IFP application showing that he is unable to afford the fees. If he fails to do so, the petition will be dismissed without prejudice.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 22, 2026
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4